## TEXARKANA & FT. S. RY. CO. v. BREWER.
(No. 1870.)

Court of Civil Appeals of Texas. Beaumont.
July 11, 1929.

M. T. Bell and Orgain & Carroll, all of Beaumont, for appellant.

Jas. H. Rachford, of Beaumont, for appellee.

O'QUINN, J. The Texarkana & Ft. Smith Railway Company brought this suit in justice court, precinct No. 1, of Jefferson county, Tex., against W. F. Brewer to recover freight charges upon a shipment alleged to be in interstate commerce from Chasmore, La., to Beaumont, Tex. The plaintiff alleged that about December 20, 1924, C. A. Wendstrand shipped a car of wood from Chasmore, La., to Beaumont, Tex., consigned to appellee, W. F. Brewer, to move over the L. C. & N. Railway and thence to the T. & N. O. Railway to Beaumont, which it did, and that said car of wood was tendered to appellee, Brewer, at Beaumont, Tex., about December 25, 1924, and that said Brewer directed and requested said T. & N. O. Railway Company to transfer and divert said car of wood to the Texarkana & Ft. Smith Railway Company to be reconsigned and shipped to appellee at Chaison, Tex., which was done, and said car of wood delivered to appellee by appellant at Chaison, Tex., on .or about December 28, 1924. It further alleged that the correct and lawful rate of charges, as fixed and published by the Interstate Commerce Commission, for carrying said car of wood from Chasmore, La., to Chaison, Tex., was 38½ cents per hundred pounds, amounting to $179.16, of which appellee had paid but 8½ cents per hundred pounds, amounting to $44.- 46, leaving the amount of $134.71 unpaid, for which the suit was brought.

Appellee Brewer answered by general demurrer, general denial, and specially that he was not the original purchaser of said car of wood, but that he bought same from C. A. Wendstrand, the owner thereof, at Beaumont, Tex., who had shipped said wood from Chasmore La., to Beaumont, Tex., on a "shipper's order" consigned to one W. C. Bailey, who re-

fused to accept same, and after which refusal he purchased said car of wood from said owner, Wendstrand, and that, before purchasing same, he inquired of plaintiff what amount of freight charges would be due on said car delivered at Chaison, Tex., and was informed that said charges amounted to the sum of $44.46, which said sum he paid when said car of wood was delivered to him at Chaison, that but for said representation by plaintiff to him he would not have purchased said wood, and that said representation so made by plaintiff to him was a fraud upon him, by reason of which plaintiff was estopped from claiming the further sum of $134.71 as freight charges on said car.

The case was tried in the justice court without a jury, and judgment was for appellee. Appellant appealed to the county court at law, where, on a trial before the court, judgment was again for appellee, and the case is before us on appeal from that judgment.

The facts are: Appellant, the Texarkana & Ft. Smith Railway Company, during the year 1924, operated a line of railway extending into Beaumont, Tex., and to Chaison, Tex. About December 20, 1924, C. A. Wendstrand, as shipper, delivered a car of wood weighing 44,900 pounds to L. C. & N. Railway Company at Chasmore, La., together with a bill of lading which directed said car of wood to be transported from Chasmore, La., to Beaumont, Tex., over the L. C. & N. and T. & N. O. Railways, to be delivered at Beaumont, Tex. The bill of lading covering said car of wood was one of "shipper's order," being consigned to the order of C. A. Wendstrand, with directions to notify W. C. Bailey at Beaumont, Tex. The car was duly transported to Beaumont, and Bailey was duly notified, but he refused to accept the wood. Upon Bailey's refusal to accept the wood, Wendstrand went to Beaumont, the car of wood being on the tracks of the T. & N. O. Railway at Beaumont, and sought to dispose of the wood. He came in contact with appellee, W. F. Brewer, and sold him the wood. Before closing the deal for the wood, Brewer inquired of the railway company what would be the freight charges in case the wood was delivered to him at Chaison, and was told the rate was 8½ cents per hundred pounds, amounting to $44.-46. This covered the entire charges from Chasmore, La., to Beaumont, Tex., and Chaison, Tex.; Wendstrand not having paid the charges from Chasmore to Beaumont. Brewer then gave an order in writing for the car to be delivered by the T. & N. O. Railway to the Texarkana & Ft. Smith Railway, appellant, to be by it delivered to Brewer at Chaison, Tex., which was near the city of Beaumont. The original bill of lading signed by Wendstrand was in the possession of the T. & N. O. Railway Company, and was surrendered by said railway and a new one issued to Brewer directing the car of wood to be delivered to appellant railway and transported by it to Chaison and there delivered to Brewer. The car of wood was accordingly delivered by the T. & N. O. Railway to the Texarkana & Ft. Smith Railway, appellant, and by it transported to Chaison and there delivered to Brewer, who then paid the sum called for in the bill of lading to him, $44.46. Each of the bills of lading mentioned contained a clause stating that "the owner or consignee shall pay the freight and average, if any, and all other lawful charges accrued on said property." Prior to December 20, 1924, the date of the shipment of the car of wood from Chasmore, the L. C. & N. Railway Company, and the T. & N. O. Railway Company, and the Texarkana & Ft. Smith Railway Company, had duly published and filed with the Interstate Commerce Commission at Washington, D. C., their schedule of tariffs covering this and similar shipments over the lines of railway mentioned from Chasmore, La., to Chaison, Tex., which was in full force and effect at the time of the shipment and delivery of the car of wood, and which rate was 38½ cents per hundred pounds. Brewer paid the rate quoted him by the railroad, 8½ cents per hundred, the amount paid being $44.46. This suit is for the difference, $134.71. The shipment originated December 20, 1924. This suit for the additional charges was filed August 31, 1926.

Appellee's contention that because he inquired of appellant the correct rate of freight or charges for the car of wood delivered to him at Chaison before he bought the wood and was told by appellant that it would be $44.46, which sum he paid in full, appellant is estopped from now claiming the amount sued for, is overruled. It is well settled that the principle of estoppel cannot be invoked against the right of a carrier to collect the legal rate of charges established and fixed by the Interstate Commerce Commission. Pittsburgh, C., C. & St. L. Railway Co. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151.

Appellee contends that the judgment should be affirmed because there is a fatal variance between appellant's allegations and its proof, in that it is alleged in appellant's petition that the car of wood was consigned, and that the bill of lading therefor showed that same was shipped or consigned to W. F. Brewer at Beaumont, Tex., while the facts show without dispute that said car of wood was not consigned to W. F. Brewer at Beaumont, but that same was what is known as a "shipper's order" and was consigned to C. A. Wendstrand, the owner and shipper, at Beaumont, Tex., with instructions to notify W. C. Bailey. It is believed that this contention is correct and should be sustained. The petition alleges that the car of wood was shipped by C. A. Wendstrand from Chasmore, La., con-

signed to W. F. Brewer at Beaumont, Tex., and that said car was transported to Beaumont and there tendered to Brewer, and that Brewer at Beaumont, Tex., by written order, had said car of wood diverted from the T. & N. O. Railway to the Texarkana & Ft. Smith Railway and transferred by it to Chaison, Tex., and there delivered to Brewer. The facts do not fit the allegations. It appears without dispute that Wendstrand shipped the car of wood from Chasmore, La., to Beaumont, Tex., and that the original bill of lading showed that the car was consigned to himself (Wendstrand), with instructions to notify W. C. Bailey at Beaumont. Bailey refused to accept the wood. Wendstrand then went to Beaumont and finally sold the wood, which was standing on the side track of the T. & N. O. Railway, to appellee, Brewer, who then had it transferred over appellant's line of railway to Chaison, Tex. It is true it was shown that it was the same car and traveled over the route alleged, but it was not consigned to Brewer nor tendered to him by the carrier—he had nothing to do with it until after it had reached its original destination shown in the original bill of lading and had been, in effect, received and taken charge of by the owner, Wendstrand, who controlled same and sold same to Brewer after it had come to rest at its original destination.

We think the judgment should be affirmed for the further reason that at the time Brewer bought the wood from Wendstrand same was not interstate commerce, but had reached its final destination as originally shipped, and had, in effect, been delivered to Wendstrand, consignee, and thereafter, in its movements to Chaison, was intrastate in character. The original shipment was from Chasmore, La., over the L., C. & N. and T. & N. O. Railways to Beaumont, Tex. It was consigned to Wenstrand, notify W. C. Bailey. The car was duly transported over the route designated in the bill of lading to Beaumont, Tex. Bailey was notified of the arrival of the car and refused to accept the wood. The car remained in the possession of the T. & N. O. Railway, and Wendstrand went to Beaumont, and finally sold the wood to Brewer. Brewer then requested that it be transferred to the Texarkana & Ft. Smith Railway and delivered at Chaison, and the T. & N. O. Railway surrendered the original bill of lading to Wendstrand and issued a new bill of lading to Brewer. We think there can be no question but that at the time Brewer bought the wood and when same was delivered to him at Chaison it had ceased to be interstate commerce, but was intrastate. At the time the car was shipped from Chasmore, La., the point of origin, there was no other definite point of destination in the mind of the shipper than Beaumont, Tex. Its inter-

state character came to an end when it reached its original destination at Beaumont—the original contract for transportation was completed. It then became, as to its future movements, intrastate. It was such at the time Brewer bought it. Gulf, C. & S. F. Ry. Co. v. Texas, 204 U. S. 403, 27 S. Ct. 360, 51 L. Ed. 540; Missouri, K. & T. Ry. Co. of Texas v. Pace (Tex. Civ. App.) 184 S. W. 1051. Furthermore, the interstate carrying rate from Chasmore, La., to Beaumont, Tex., was not in evidence; neither was the rate from Beaumont to Chaison in evidence. Appellant's allegations of freight charges are from Chasmore, La., to Chaison, Tex., as one indivisible interstate rate. The original shipment being from Chasmore, La., to Beaumont, Tex., and not contemplating any further movement, and it not appearing what the interstate rate is between those two points, and it not appearing what rate would or did apply from Beaumont, Tex., to Chaison, Tex., appellant's allegations of shipment and carriage charges are not in consonance with or supported by the facts. The interstate feature of the shipment having ended when the car of wood reached Beaumont, its final destination shown by the original bill of lading, and the only connection Brewer had with the shipment being after it had ceased to be interstate and while entirely intrastate, the cause of action pleaded by appellant was not supported by the proof, and therefore the judgment should be affirmed.

Judgment affirmed.

HIGHTOWER, C. J., and WALKER, J. Without regard to the question of variance discussed by Judge O'QUINN, we have no doubt as to the correctness of the opinion on the other issues discussed.